satisfactory as to, as a matter of law, create a reasonable doubt of defendant's guilt. *People v. Adams*, 8 Ill.App.3d 8, 288 N.E.2d 724.

■■ In the instant case, the State presented two eyewitnesses who both positively identified defendant as their assailant. They observed defendant before, during and after the incident. Although the light bulb on the eighth floor landing was out, there was some light, and the eyewitnesses had an opportunity to view defendant at close quarters for five to ten minutes. While Mr. Brown's description of defendant's height was faulty, his wife explained that she was unable to judge defendant's height because he was on a different level of stairs. Moreover, there was no obligation on the trial court to believe the alibi evidence presented by the defendant. (*People v. Jackson*, 95 Ill.App.2d 28, 237 N.E.2d 858.) The trial court chose to accept the testimony of the eyewitnesses rather than the alibi evidence offered on behalf of defendant. We cannot say that the court's determination was erroneous.

For the reasons stated, the judgment of the circuit court is affirmed.

Judgment affirmed.

SCHWARTZ and McGLOON, JJ., concur.

ROBERT E. GORDON *et al.*, Plaintiffs-Appellees, *v.* SAFEWAY INSURANCE Co., Defendant-Appellant.

(No. 55678;

First District (2nd Division)—May 29, 1973.

PER CURIAM.
DOWNING, J., took no part.

Parillo, Sims and Bresler, of Chicago, (David J. Weiss, of counsel,) for appellant.

Gordon and Brustin, Ltd., of Chicago, (Robert E. Gordon and Michael W. Schaefer, of counsel,) for appellees.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN BEY, Defendant-Appellant.

(No. 56769;

First District (2nd Division)—May 29, 1973.